(83 South. 827)

No. 22510.

WITT v. PEYTON–COURTNEY CO.

(Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

1. COMPROMISE AND SETTLEMENT ⊙=18(1)— SETTLEMENT AGREEMENT CONSTRUED.

Correspondence constituting compromise agreement construed, and *held*, that a $3,000 basis of settlement for amount due on notes was superseded by a 75 per cent. basis, on which the parties agreed.

2. BILLS AND NOTES ⊙=434—CREDITOR RECEIVING MONEY IN PAYMENT OF DEBT MAY KEEP IT ALTHOUGH PAID UNDER MISAPPREHENSION.

A payee of a note who has received from his debtor money belonging to the debtor in payment of his debt has a right to keep it, even though the payment has been made under a misapprehension on the part of the debtor that the payment of such amount would settle the note in full, under Civ. Code arts. 2301, 2302, 2303.

3. COMPROMISE AND SETTLEMENT ⊙=20(2)— COMPROMISE AGREEMENT NOT CARRIED OUT DOES NOT AFFECT DEBT.

Where agreement to settle debt owing by defendant to plaintiff by payment of 75 per cent. thereof was not carried out by defendant, plaintiff's claim remained unaffected by it, and plaintiff was entitled to the whole of his debt and not 75 per cent. merely.

O'Niell, J., dissenting.

Appeal from Twelfth Judicial District Court, Parish of De Soto; J. H. Boone, Judge.

Action by George D. Witt against the Peyton-Courtney Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Elmo P. Lee, of Mansfield, for appellant.

Parsons & Cook, of Mansfield, and W. P. Hall, of Shreveport, for appellee.

PROVOSTY, J. Plaintiff sues on two promissory notes of defendant. The defense is that the notes have been extinguished by a compromise entered into and a payment made in pursuance thereof.

The payment and the negotiations for the alleged compromise were all in 1915. By a letter of date August 30th defendant offered certain lands in payment. By letter of September 4th plaintiff declined, but offered to receive 75 per cent. net cash in full payment, provided the offer was accepted by October 1st. By letter of September 11th defendant proposed to pay $3,000 in full settlement, the payment to be made on or before November 15th. Referring to this last proposition plaintiff wrote on September 11th:

"I am accepting the same with the understanding this settlement must be made in cash not later than November 1st, a failure on your part to meet with this agreement will cancel my agreement to accept your proposition."

September 14th defendant wrote, thanking plaintiff, and after noting the change of date added:

"I will be on hand November 1st with the $3,000."

The defendant company was then in the hands of a receiver, and Mr. J. W. Parsons was the attorney both of defendant and of the receivership. On October 12th he wrote to plaintiff:

"Mr. Peyton is doing his utmost to get matters in shape to take care of you. In some way we have got to get the business out of the hands of the receiver so that he can sell off sufficient property, lands and the like, and put on some mortgages to raise your money. Court convenes here the third Monday, and it will be then before we can hope to get the business out of the hands of the receiver. Mr. Peyton asks that you extend your date of settlement from November 1st to the 20th. He is making an effort to get everything adjusted, and he cannot do so until he ends the receivership. If you will acquiesce in the termination of the receivership and give him until November 20th, he will be able to settle with you on the 75 per cent. basis."

This appears to be a proposition that if plaintiff would extend the date of payment to November 20th, and would consent to the receivership being terminated his 75 per cent. offer of September 4th would be accepted.

Plaintiff answered under date of October 16th:

"I have every disposition to aid Mr. Peyton. I do not wish to do anything to affect my interest in a settlement which has already been made and is due to be consummated as of November 1st, according to agreement, and I am expecting this settlement to be complied with, Before signing the agreement, will you pledge yourself in case the contract is not consummated as of November 1st, that you will obtain for me a confession of judgment for my entire claim to be obtained on November 1st from Mr. Peyton or Peyton-Courtney Company. I have made sacrifices to meet Mr. Peyton's wishes, and if he defaults I must ask security for my entire debt, which would almost amount to about $5,-200.00, including interest."

To this Mr. Parsons, under date of October 19th, answered:

"As to the obtaining a confession of judgment from Mr. Peyton on November 1st if the proposed settlement falls through, would advise that this could not be done for the simple reason that the business is in the hands of the court under the administration of a receiver. Hence no judgment can be obtained until the receivership has ended. A second reason would be that the court does not convene until the 15th of November. I feel that I can personally assure you that the settlement will be made with you before the 1st of December, if the business is taken out of the hands of a receiver. The larger creditors next to you have expressed a willingness to consent to this and as soon as the receivership is ended, Mr. Peyton has one or two real estate deals made, which cannot be consummated until the receivership is withdrawn and out of this he will pay you your money."

To this plaintiff, under date of October 22d, answered:

"In your former letter you sent papers to be signed by me for the release of the receivership. My claim is the largest, no doubt, which amounts to about $5,200.00. If I sign the paper and return it to you, will you give me your assurance that I will have the settlement in question, 75 per cent. by or before December 1st? I mean the settlement in cash."

Here plaintiff was consenting to the defendant company being taken out of the receivership and to postponing the payment to himself until December 1st, provided he received the assurance that 75 per cent. would be paid him by or before that date.

On October 25th Mr. Parsons wrote plaintiff:

"The settlement depends upon the receivership being ended"

—and ended by saying:

"I can assure you that you will be paid the 75 per cent. within 30 days after the receivership is ended."

On receiving this assurance plaintiff consented to the receivership being terminated, and accordingly, on October 29th, wrote to Mr. Parsons:

"In compliance with your letter I am inclosing you the release papers with reference to the receivership.

"I beg to call your attention to the accumulated interest on the expired and unexpired notes. On the $1,217.58 due 1st of last January the interest due is $89.24. On the note

maturing January 1, 1916, the interest is $419.44. The interest on the note maturing January 1, 1917, naturally would be the same, $419.44.

"The interest is figured as of December 1, 1915, at which time a settlement is promised in case.

| Memorandum of amount due me as of December 1, 1915 | $1,217 58 |
| And interest | 89 24 |
| Note maturing January 1, 1916 | 1,510 27 |
| Interest | 419 44 |
| Note maturing January 1, 1917 | 1,510 27 |
| Interest | 419 44 |
| Total amount due Geo. D. Witt as of December 1, 1915 | $5,166 24 |

In a letter of December 3d Mr. Parsons sent a check of $3,000 to plaintiff. To that letter plaintiff answered:

"In acknowledging receipt of your check for $3,000.00 on account of Peyton-Courtney Company's indebtedness to me, I beg to call your attention to the fact that this leaves a balance according to your agreement with me of $874.68. It is true that I wrote Mr. Peyton some time in September that if he would send me $3,000.00 by or before the 1st day of November that I would accept this in settlement. He did not comply, however, with this agreement, and it was based upon your letter to me dated October 25, 1915, which reads as follows: 'I can assure you that you will be paid the 75 per cent. within the 30 days after the receivership is ended.' That caused me to sign the release papers and send them back to you.

"Furthermore, I gather from your letter that Mr. Peyton has paid his other creditors 50 cents on the dollar in cash and 25 cents deferred notes, which would give the other creditors advantage over me. Furthermore, of all of Mr. Peyton's creditors he is more under obligations to me than any other one, for the reason: First, that when he was in a dilemma in his New Orleans settlement it was the help that I gave at that time in lending him $8,000.00 which helped him to put through this settlement, and, now by all legal and moral obligations to me on the part of Mr. Peyton I insist on the balance of this settlement of $874.68 in cash, which I feel assured you will agree with me is rightfully due me and should be paid me. Now, then, if you will send me check for the balance, I will forward all the notes and release as requested, and to this end I hope you will give your immediate attention."

Defendant insisted that the $3,000 payment had satisfied plaintiff's debt in full, and, after an exchange of letters, the tone of which was less pleasant than theretofore, this suit followed.

The trial court decided in favor of defendant. On appeal to the Court of Appeals the decision was reversed; but the latter court, discovering that the amount involved was above its jurisdiction, granted a rehearing and transferred the case to this court.

[1] Evidently, the $3,000 basis of settlement was superseded by the 75 per cent. basis. On no other condition did plaintiff consent to the extension of time from November 1st to December 1st, or to the receivership being released.

Strange as it may appear, it seems that Mr. Parsons and Mr. Peyton understood that no change was being made from the $3,000 proposition, except that the time was being extended. But this misapprehension on their part cannot affect the rights of plaintiff. Defendant had either to pay the $3,000 by the 1st of November or else pay the 75 per cent. by the 1st of December. Plaintiff consented to nothing else. Defendant did neither; hence the proposed compromise, or settlement, whatever its basis was, was not complied with by defendant, and, as a consequence, defendant owes the full amount of the debt less the $3,000 payment.

It is argued in behalf of defendant that plaintiff should have expressed himself more clearly, and that not having spoken when he should have spoken he should now forever hold his peace. To our mind, plaintiff expressed himself so clearly that it is a matter of surprise that he should have been misunderstood.

[2] It is also said that he should have returned the $3,000; but a creditor who has received from his debtor money belonging to the debtor in payment of his debt has a right to keep it, even though the payment has been made under a misapprehension on the part of the debtor. C. C. arts. 2301, 2302, 2303.

[3] It is also said that plaintiff is entitled

now to only 75 per cent. But the 75 per cent. agreement not having been carried out, plaintiff's claim has remained unaffected by it; and plaintiff is entitled to the whole.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiff, George D. Witt, do have and recover judgment against defendant, Peyton-Courtney Company, in the sum of $4,530.81, with interest at 8 per cent. thereon from June 10, 1912, until paid, less credits of $439.77, paid August 25, 1913, and $3,000 paid November 29, 1915, and that all the costs be taxed against the defendant company.

O'NIELL, J., dissents, being of the opinion that the judgment should be affirmed.