REGAN, Judge.
Plaintiff, Smith Construction Company, Inc., instituted this suit against defendant, Roy P. Brechtel, endeavoring to recover $1,509.40, representing the balance due on $5,009.40, for the “performance of additional work” and the “furnishing of extra labor and material, over and above the original building contract”, appertaining to the structure designated by the municipal number 1509 S. Jefferson Davis Parkway, in the City of New Orleans.
Defendant answered and admitted he was indebted to plaintiff in the sum of $545.52, and then reconvened for $4,000, $2,500 of which he alleges is required to repair or place the building in the condition contemplated by the original building contract and $1,500 as damages which will be sustained by virtue of the interruption of defendant’s business during the period of time consumed in effectuating the repair work.
From a judgment in favor of the plaintiff in. the amount prayed for ($1,509.40) and dismissing defendant’s re-conventional demand, defendant prosecutes this appeal.
The record reveals that on February 13, 1946, plaintiff and defendant entered into a building contract contemplating the erection of a “nightclub, restaurant and *644 cocktail lounge” in 1509 S. Jefferson Davis Parkway, in the City of New Orleans. Upon the completion thereof defendant paid plaintiff the sum of $13,000 in conformity with the terms of the contract and, on May 3, 1946, executed the usual affidavit of acceptance of the building.
Prior and subsequent to May 3, 1946, plaintiff and defendant entered into several oral agreements for the performance of additional work on the building. The record, briefs and oral arguments of respective counsel are devoid of any dates upon which these oral agreements were confected, however, it appears that these agreements, being largely a matter of expediency, were entered into as each item of extra work arose. It also appears that on these occasions, plaintiff estimated the cost for each item of extra work, as it manifested itself, and then defendant did, in the final analysis, agree to pay plaintiff the actual cost thereof.
The record reflects an itemized statement, dated January 23, 1947, offered in evidence by the plaintiff, indicating that the extra work performed on defendant’s building amounted to the sum of $5,009.40, less the following payments made by defendant, to wit: $1,000 on May 18, 1946; $500 on May 31, 1946, and $2,000 on June 4, 1946, or a total of $3,500, leaving a balance due of $1,509.40. Defendant acknowledges that $3,500 was paid to plaintiff for “extra work” but insists that the balance of $1,509.40 is incorrect, although he has failed to point out to us wherein this balance is in error.
Both defendant and his sister, Mrs. Irma Brechtel Mellaney admit that Mrs. Mellaney “designed the building” or “sketched off what I (she) wanted in the building”; that she was a “co-finan-ceer” and “silent partner” in the undertaking, and that she “made arrangements with Mr. Smith (President of the plaintiff company) to do the additional work” and that it “was all a verbal arrangement” and “on a friendly basis, everybody in perfect agreement.”
In any event,,the record further reflects that about the time that the “extra work” was completed, the exact date of which we have been unable to procure from the record, briefs or counsel, defendant did not possess sufficient funds with which to liquidate his indebtedness to plaintiff, and it appears that plaintiff, according to Mrs. Mellaney, was in need of funds to meet his payroll, so a compromise was discussed and ultimately mutually agreed upon. Defendant offered to pay plaintiff “right away” or “within that week” the sum of $545.52 in full settlement of his indebtedness. Plaintiff accepted this offer provided defendant “paid me that balance in full right away.”
Roy Smith, President of plaintiff corporation, testified “they never gave me a dime after agreeing to pay me in cash, so I 'charged them back with the full bill”, which resulted in the institution of this suit by plaintiff against defendant for $1,509.40.
Defendant contends that the judgment of the court, a qua, was erroneous in that it “completely overlooked payment and signed receipts” and that “plaintiff has not proven any indebtedness on the part of defendant.” However, in the answer and oral argument 'before this Court, counsel for defendant admits that he owed plaintiff the sum of $545.52.
The only question posed for our consideration by virtue of the main demand, is one of fact, and 'that is, did defendant owe plaintiff a balance of $1,509.40 for “extra work” prior to the agreement to compromise this balance for the sum of $545.52 cash, payment of which was to be made, within a week.
We find no error in the judgment of the trial court relating to the main demand. It is our opinion that the agreement to compromise for the sum of $545.52 was predicated upon defendant’s indebtedness to plaintiff in the sum of $1,509.40, and that when the defendant failed to comply with the condition pertaining to time of payment contained therein, the agreement was abrogated.
*645 We have concluded that, as a matter of fact, a balance of $1,509.40 was due to plaintiff by defendant for extra work which is adequately reflected by the following convincing testimony elicited from Roy Smith, President of the plaintiff corporation, on cross-examination. This testimony was never successfully rebutted by defendant.
“Q. At any rate, there was some agreement between you and Mr. Brechtel and Mrs. Mellaney? A. That’s right, there was.
“Q. Concerning a reduction, some compromise on the whole thing? A. That’s correct.
“Q. Tell the court about that agreement. A. The agreement was, the original amount ran to $1509, and the agreement was I would get immediate payment, immediate settlement if I would help them out. They didn’t have the full amount of money to pay me off. That was what tlie agreement was, and I was down, to the figure you have there, to the $545. That was what the original agreement was with Mr. Brechtel and Mrs. Mellaney, who sat down and asked couldn’t I help them out, they couldn’t pay me the full amount for the work done. For the balance you have, my figures were right, and I pulled my bill down to try to help them out. We all agreed to take a beating, and the understanding was they would pay me off, pay me that balance in full right away, that $545. That was the agreement. They never did 'live up to that, never gave me a dime after agreeing to pay me in cash, so I charged them back with the full bill.”
Defendant reconvened for the sum of $4,000 but concedes both in brief and oral argument 'before this court, that his demand in reconvention is limited to the sum of $1,740, itemized as follows:
$1,000.00 for defective ceiling
180.00 for defective flooring
60.00 for repairing roof
500.00 estimated damages for closing of establishment during the repairing thereof.
$1,740.00
It is interesting to observe that counsel for defendant has never, in brief or oral argument, endeavored to explain the discrepancy between $4,000, the amount .of the reconventional demand contained in his answer and the sum of $1,740 to which he has, in this court, limited his demánd.
We have carefully analyzed the record and we are of the opinion, as was the trial judge, that defendant has failed to establish, with any legal certainty, any part of the damages claimed by him in his reconventional demand as itemized above.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.