S. O. LANDRY, Judge ad hoc.
Supreme Broadcasting Company, Inc. is appealing from a judgment of the First City Court of New Orleans in the amount of $178.23 in favor of General Electric Company.
This amount is the price of forty-five movie projection bulbs, or lamps, purchased by the defendant from General Electric Supply Company on open account on July 17 and September 4, 1958.
Appellant contends that this debt became extinguished by novation when it executed a chattel mortgage in the amount of $295,- *126 128.67 in favor of General Electric Company, on December 11, 1958, a sale of the mortgaged property, with the consent of General Electric, to New Orleans Television Corporation on January 13, 1959, and a. re-mortgaging of the property by the New ■Orleans Television Corporation to General Electric on January 30, 1959.
The bulbs in question were included in the property mortgaged, because the mortgage covered all of the television broadcasting equipment owned by Supreme Broadcasting Company, Inc. and the bulbs were used in broadcasting.
General Electric Company denies that the debt sued upon was included in the amount for which the chattel mortgage was granted.
What gives rise to the controversy is that the bulbs were purchased locally on open account from General Electric Supply Company, and the debt for which the chattel mortgage was executed was incurred for the purchase price of the main broadcasting equipment that Supreme purchased from General Electric’s division in Syracuse, New York.
The evidence shows that the branch in Syracuse handles mainly the selling and financing of broadcasting equipment, whereas the local division deals principally in selling at wholesale maintenance supplies for broadcasting studios.
Mr. Guy Harris, the District Credit Manager of the New Orleans District of General Electric, testified that the purchase in question was a transaction between the store operated in New Orleans and the Appellant. The credit extended was carried on the local books of the company and the transaction had no relation to the other dealings between his company and Appellant. In fact, Mr. Harris testified that he was not aware that Supreme Broadcasting Company, Inc. had purchased its equipment from General Electric and that it had granted the chattel mortgage mentioned.
Appellant produced its comptroller, Mr. Charles G. Colomb, as its only witness. Mr. Colomb testified about the chattel mortgage to General Electric and the sale of its equipment by his company to New Orleans Television Corporation. But he did not testify that the debt sued upon was included in the amount for which the chattel mortgage was granted. There is therefore no direct evidence in support of Appellant’s contention that the debt in question was extinguished by novation by being included in the new debt.
Appellant’s defense is a special defense. It bears the burden of establishing it by competent evidence. Obviously, it has failed to do so.
The judgment appealed from is therefore affirmed.
Affirmed.