AYRES, Judge.
This action was consolidated for trial with that of Smith, Howard and McCoy, Inc. v. Acme General Contractors, Inc., La.App., 152 So.2d 596.
This action is upon an open account for past-due premiums on insurance policies •allegedly issued by plaintiff to defendant. In fact, this action is for the same indebtedness and upon the same account which was involved in the companion case. Plaintiff, 'by this action, sought to have this defendant -condemned, in solido, with the Acme Gen-eral Contractors, Inc., the defendant in the ■consolidated action, based upon the contention that the policies were issued for and ■on behalf of and for the protection of both ■corporations.
The primary defense is that the indebtedness sued upon was extinguished by novation through the execution and the delivery and acceptance of a promissory note of the Acme General Contractors, Inc. This was the defense sustained by the trial court in Iboth of these actions and sustained by us in the companion case. The remarks here will merely serve as a supplement to our -opinion in the other case.
In this regard, we may again point ■out that novation may result when a new debtor is substituted for the old one who is ■discharged by the creditor. LSA-C.C. Arts. 2189, 2192.
 Despite the fact the latter article -of the Code provides that the express in-tention on the part of the creditor is necessary to a novation by the substitution of a new debtor, the jurisprudence is to the effect that acts tantamount to an express declaration will suffice. In the course of the business transactions between plaintiff and these • defendants, no statement or audit report ■ covering an adjustment of premiums was ■ever sent to Acme Wellpoint Corporation, nor was any demand ever made upon that ■corporation for payment. Moreover, the • original suit was against Acme General ■■Contractors, Inc., alone; the note was given and accepted by plaintiff from the latter corporation alone. No mention was even made of the defendant, Acme Wellpoint Corporation, in any of the communications between the parties, filed in evidence, when an effort was made to collect for the unpaid premiums. Plaintiff considered that Acme General Contractors, Inc., alone, was responsible to it for the premiums on the policies concerned.
These facts evidence a course of conduct clearly indicative of the intention of the parties to novate the account sued upon through the acceptance of the note and the release of Acme Wellpoint Corporation from any claim made by plaintiff. The record, as well as the jurisprudence, supports this conclusion. Strunk Chain Saws, Inc. v. Williams, La.App.2d Cir., 1959, 111 So.2d 195; 25 T.L.R. 100 et seq.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.