195 So.2d 383 (1967)
MIDLO & LEHMANN
v.
Samuel KATZ.
No. 2448.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
Rehearing Denied March 6, 1967.
*384 Simon, Wicker & Wiedemann, Thomas C. Wicker, Jr., New Orleans, for plaintiff-appellee.
James J. Morrison, New Orleans, for defendant-appellant.
Before McBRIDE, REGAN and SAMUEL, JJ.
SAMUEL, Judge.
This is a suit for the sum of $6,775.50 for extensive legal and notarial services, together with costs expended in connection therewith, rendered by the plaintiff, a partnership composed of two practicing attorneys, to the defendant in various matters over a number of years commencing in November, 1959. Defendant has appealed from a judgment in favor of plaintiff as prayed.
In the trial court the undisputed facts were: As established by competent, uncontradicted testimony and as found by the trial judge, the amount claimed for the services was reasonable and even minimal. The defendant made no payments on the account at any time despite frequent bills sent to him by plaintiff. On September 22, 1961 defendant signed an instrument acknowledging that the amount of the indebtedness then due by him to the plaintiff was $6,050.64. Subsequent additional legal services increased the amount to the figure in suit. On May 2, 1963 plaintiff and defendant entered into the following written agreement:
"On or before 60 days after date I agree to pay $2900.00 in full payment of fees and costs due you to date, excepting appraisers fees, by delivery of 2nd mortgage note in sum of $2300.00 subscribed by Joseph Turner, on #4 Marlborough Gate, and $600.00 cash. This agreement between Midlo & Lehmann and Samuel Katz."
The record establishes the fact that the plaintiff partners entered into the above agreement solely because of their reluctance to sue a client for fees due them; during the course of many years in the active practice of law they had never filed such a suit. The record also indicates, and in his reasons for judgment the trial judge found, that the defendant was a "man of means" or capable of responding in judgment.
Defendant filed an answer and later, with leave of court, a supplemental answer *385 to plaintiff's petition. The original answer is in the form of a general denial and prays for dismissal of plaintiff's demand. The supplemental answer pleaded the above quoted agreement of May 2, 1963 as "a compromise agreement" with which the defendant attempted to comply and alleged that one of the plaintiff partners had prevented such compliance; it prayed for judgment limited to the contents of, i. e., the amount stated in, that "compromise agreement".
Defendant's entire case in the district court was based on the claim, supported only by his own testimony, that within sixty days following the agreement he had offered plaintiff his check in the amount of $2,900 in full payment of his indebtedness and that this offer had been refused. However, because of the categorical denial of such an offer by both of the plaintiff partners and because of other obvious facts, the trial judge found the defendant had not made such an offer and had neglected or refused to make payment under the agreement at any time during or after the time specified for payment therein. We agree with this finding of fact and the defendant does not dispute the same; in this court his defense is based on entirely different grounds.
He now contends for the first time, and in fairness to his present attorney we note the matter was tried in the district court by other counsel, that the quoted agreement of May 2, 1963 was a novation which extinguished the original claim to the date of the agreement and that the judgment is erroneous because it includes the full amount of that original claim, citing Sheeks v. McCain-Richards, Inc., 226 La. 578, 76 So.2d 892, Smith, Howard & McCoy, Inc. v. Acme Wellpoint Corp., La.App., 152 So.2d 598 and Rains v. Jones, La.App., 152 So. 356. Plaintiff contends the agreement was a compromise which was abrogated and had no effect as a result of defendant's failure to comply with its terms, i. e., to make payment as called for by the agreement. In addition, plaintiff argues the defendant has failed to comply with LSA-C.C.P. Art. 1005 under which the extinguishment of an obligation, as distinguished from compromise, must be affirmatively pleaded in the answer under penalty of being not considered by the court. As we are of the opinion that we cannot hold the agreement was a novation, a conclusion favorable to the plaintiff and decisive of the case, we prefer to pretermit plaintiff's procedural contention under LSA-C.C.P. Art. 1005 and decide the case on the merits.
Because the defendant in the instant case failed to make payment as called for by the agreement of May 2, 1963, the sole question with which we are presented is whether that agreement was a compromise or a novation. If it was a compromise such failure would abrogate the compromise and plaintiff would be entitled to the judgment rendered by the trial court which included the full amount of its original claim prior to the date of the compromise. Witt v. Peyton-Courtney Co., 146 La. 553, 83 So. 827; Barrett v. Hard, 23 La.Ann. 712; Smith Const. Co. v. Brechtel, La.App., 51 So.2d 643. On the other hand, if the agreement was a novation that original claim was extinguished, could not be revived by a breach of the agreement, and there could be no recovery under the original claim; plaintiff then could recover only under the agreement.
LSA-C.C. Art. 3071 defines compromise as follows:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing."
LSA-C.C. Art. 3071.
The pertinent law relative to novation is contained in LSA-C.C. Arts. 2185, 2189 and *386 2190. Article 2185 defines novation as "* * * a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place." The applicable portion of Article 2189 provides that novation takes place "When a debtor contracts a new debt to his creditor, which new debt is substituted to the old one, which is extinguished." And Article 2190 reads as follows:
"Novation can be made only by persons capable of contracting; it is not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt." LSA-C.C. Art. 2190.
Since noviation is never presumed, the burden of proof to establish novation is on the person who claims it; the determining factor is the intention of the parties to substitute a new obligation for the original one; only when this intention is present does the original obligation cease to exist; and such intention may be shown by the character of the transaction and the facts and circumstances surrounding the transaction, as well as by the terms of the agreement itself. Russ v. United Farm Equipment Co., 230 La. 889, 89 So.2d 380; White Co. v. Hammond Stage Lines, 180 La. 962, 158 So. 353; Hartson, Inc. v. Brawley & Watson, Inc., La.App., 180 So.2d 588; Sterlington Bank v. Terzia Lumber & Hardware, Inc., La.App., 146 So.2d 233; General Electric Co. v. Supreme Broadcasting Co., La.App., 144 So.2d 125; Hayes v. Claterbaugh, La.App., 140 So.2d 737.
We find the cases cited by defendant do not support his contention here. In all of these three cases the court found novation, but the facts in each of them were materially different from the facts in the instant case. In Rains the court concluded that the acts of the plaintiff clearly indicated an intention on his part to extinguish the original claims. In Smith, Howard & McCoy, Inc. the court found that the note accepted by the plaintiff, which stated that the same was given in consideration for and in full payment of" the original claim, left no doubt that the parties intended to novate the original debt. Sheeks involved a complicated factual situation in which novation played only a small part. Nothing contained in any of these cases is contrary to the principles set out in the preceding paragraph.
In the instant case we feel it unnecessary to discuss the question of whether the agreement of May 2, 1963 complies with all of the requirements of a transaction or compromise under LSA-C.C. Art. 3071, which article is quoted above. Quite clearly it does. And on the basis of the record before us we cannot hold that the agreement was a novation. The instrument itself does not state the existing obligation was extinguished and we do not find any intent on the part of the parties to extinguish the original claim and substitute a new obligation therefor.
The testimony and other evidence are barren of any suggestion that the defendant intended to novate. And the facts and circumstances are such as to show, quite clearly in our opinion, that the plaintiff had no such intention. As we have pointed out, prior to the time the agreement was executed plaintiff's claim against the defendant in the amount of $6,050.64 had been acknowledged by the defendant as being correct and due, that sum being the full amount due on the date of the acknowledgment. The agreement of May 2, 1963 calls for payment of only $2,900 not including appraiser's fees, which fees the record reveals were in the total amount of $534.30, so that the acknowledged debt exceeded the amount called for by the agreement by the sum of $2,516.34. As the only reason plaintiff entered into the agreement was to avoid the necessity of suing its client, the defendant, for a fee, it is inconceivable to us that the plaintiff could have intended to extinguish the original and substantially larger obligation simply for the purpose of changing the necessity for filing suit against a client for $6,050.64 to the necessity of filing suit against *387 the same client for the lesser amount of $2,900. The defendant has failed to carry his burden of proving the agreement was a novation.
The judgment appealed from is affirmed. Affirmed.