BEER, Judge.
This suit for past due monthly rent and various other claims calls for a consideration of certain agreements, oral and written, made subsequent to the original written lease between Dr. and Mrs. Joseph LaNasa (hereafter called LaNasa) and Bancroft Investment Corp. and George E. Fahnert, Jr. (hereafter called Bancroft).
The lease was conventional in form, for a five year term ending December 1st, 1971, covering the premises 4242 Chef Menteur Highway.
Until December 1, 1969 all was tranquil. On that date Bancroft, with LaNasa’s full knowledge and written approval, sold the business it had operated on the premises to one Arthur Wagner and, in conjunction with this, LaNasa and Wagner made additional agreements between themselves. Specifically, they agreed that:
1) Wagner would have an option to renew the lease when it expired in 1971;
2) Wagner would pay LaNasa directly for electricity (there was only one meter for the building which housed other businesses) ;
3) Wagner’s monthly rent might vary from the terms of the original lease depending on “gross sales” and/or certain changes in the “cost of living” as indicated by the National Consumer Index.
Bancroft contends that these facts, taken together with certain actions of the parties, constituted a novation and terminated any further obligations that Bancroft might have had under the terms of the original lease that would have ordinarily expired in December 1971. Bancroft further contends that LaNasa is estopped from claiming past due rent because he verbally agreed to be paid directly by Wagner and Wagner’s subsequent failure to pay was, therefore, immediately known to LaNasa who, nevertheless, took no timely steps to collect.
Finally, Bancroft points out earlier defaults of Wagner’s other direct commitments to LaNasa as further indication to LaNasa that he should have taken timely action, did not, and is thereby, estopped.
LaNasa contends that there was no implied agreement to relieve Bancroft of its obligations under the lease; that he did not know the rent was in arrears because of an extended trip out of the country; and that Bancroft had instituted its own eviction proceedings against Wagner as clear indication of its continued responsibility under the lease. He looks to Bancroft for the past due monthly rent totaling $2,925.00 as well as various additional amounts including payments for:
1) Electricity totaling $2,565.00
2) Water totaling $150.00
3) Sign Advertisement totaling $246.05
*833 4) Sanitation charges totaling $38.00
5) Damages to the premises totaling $6,871.85
The Trial Court concluded that LaNasa had expended $6,871.85 on the premises subsequent to the final expiration of the lease, but was unable to determine how much of this total was necessary to return the premises to its original condition as required by the lease. Acknowledging that “some” expense was obviously required, the Court nevertheless rejected this portion of LaNasa’s demand. The claims for electricity, water, and sign advertising were rejected on the basis of the Trial Court’s findings that Bancroft had not guaranteed these payments either by verbal representations or by implied obligations arising under the lease.
The Trial Court held Bancroft liable for the past due rent, the sanitation charges, and for ten percent attorney’s fees on these two amounts.
Bancroft appealed and LaNasa answered the appeal seeking to increase the judgment by the amount of his claims which had been rejected in the Trial Court.
We amend and affirm.
The oral and written dealings between the various parties did not constitute a novation. Appellant Bancroft has not carried the burden required, La.C.C. Art. 2185, 2189 and 2190; Midlo and Lehmann v. Katz, 195 So.2d 383 (La.App., 4th Cir., 1967). Novation cannot be presumed. The discharge of the original obligor must be express, Polk Chevrolet, Inc. v. Vicaro, 162 So.2d 761 (La.App., 1st Cir., 1964). Neither was there conduct sufficient to be the basis for equitable estoppel. American Bank and Trust Company v. Trinity University Insurance Company, et al, 205 So. 2d 35 (La. 1967); Henderson v. Rossi, 185 So.2d 92 (La.App., 4th Cir., 1966).
The Trial Court did not abuse its discretion in finding that Bancroft had no responsibility to LaNasa for the unpaid electricity, water and sign charges. On this same basis, however, the sanitation charge of $38.00 should also have been rejected.
The Trial Court did determine that LaNasa had spent $6,871.85 for repairs and/or renovations subsequent to the expiration of the lease and also was “convinced that under the terms of the lease if the Lessor required the building to be replaced in its original condition, there would have been some expense.” The evidence is unclear as to the computation of this expense and we share the Trial Court’s acknowledged inability to determine how much of the alleged expenditure was used for “renovation” as compared to “replacement to original condition”. Furthermore, the typewritten portion of the lease expressly authorized improvements according to specifically designated plans, and it would be inconsistent to revert to the printed portion of the lease to require undoing of those authorized improvements. We believe that the Trial Court had ample basis upon which to reject LaNasa’s claim for “replacement to original condition”.
The Trial Court was correct in awarding attorney’s fees in the amount of ten percent of the judgment as provided for in the lease.
Accordingly, the judgment is amended to reduce same by $38.00 and thus amended is affirmed.
Cost of this appeal to be paid by appellant.
Amended and affirmed.
REDMANN, J., dissented.