443 So.2d 602 (1983)
CANE RIVER SHOPPING CENTER, Plaintiff-Appellant,
v.
Glen MONSOUR, d/b/a Cane Country Casuals, et al., Defendants-Appellees.
No. 83-23.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
On Rehearing August 15, 1983.
Writ Denied November 11, 1983.
Whitehead & McCoy, Kenneth D. McCoy, Jr., Natchitoches, for plaintiff-appellant.
*603 Smith, Ford & Clark, Chris Smith, III, Daryl Gold, Leesville, for defendants-appellees.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
Plaintiff, Charles M. Gremillion-781, a Louisiana partnership in commendam, d/b/a Cane River Shopping Center (hereafter Cane River), filed this suit against Glen Monsour, William Harrel West and Iva Lois Davis West to collect delinquent rental payments due under a contract of lease. Monsour subsequently filed for and obtained relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, he was not pursued as a party defendant in this matter. Mrs. West answered, setting forth a defense of general denial, together with affirmative defenses of the assignment of the lease, release and estoppel. Mr. West also answered setting forth the same defenses, and filed an alternative third party demand against Mrs. West (from whom he was divorced) for indemnity. At the close of the evidence, the trial judge ruled in favor of Mr. and Mrs. West and against Cane River, dismissing its demand; and, in favor of Mrs. West against Mr. West dismissing his third party demand. Cane River appealed; Mr. and Mrs. West neither appealed nor answered the appeal.
The facts of this case are undisputed. On January 19, 1978, Mr. and Mrs. West leased the premises identified as Shop "L" of the Cane River Shopping Center in Natchitoches, Louisiana, from Charles M. Gremillion. This lease was for a five year term and provided for a rental of $6,656.25 per year, payable in monthly installments of $554.68, plus $14.79 per month for common area maintenance. Subsequently, Gremillion assigned the lessor's interest in the lease to Charles M. Gremillion-781, a Louisiana partnership in commendam, d/b/a Cane River Shopping Center.
Mr. and Mrs. West operated a business known as "The Fox Trot", on the leased premises until they sold the business and assigned their leasehold interest to Glen Monsour on September 30, 1980. Pursuant to the specific terms of the lease, the lessee was contractually bound to obtain the consent of the lessor in order to assign or sublet to a third party. Monsour obtained written consent to the assignment from Cane River. Thereafter, Glen Monsour began operation of a business known as "Cane Country Casuals" on the leased premises. Monsour began to experience financial difficulty in the operation of his business and became delinquent in making his monthly rental payments. In an effort to help Monsour financially, on February 20, 1982, Cane River agreed to a termination of the lease for Shop "L" and entered into a new lease with him for a new location. At that time, a total of $5,080.84 unpaid rental had accrued under the original lease. This is the amount for which plaintiff sues.
There was no contact between Cane River and the Wests from September 30, 1980, the date of the assignment, until May of 1982, when a demand letter was sent by Cane River's attorney.
The only issues presented on appeal are whether (1) the trial court erred in finding that the Wests had been discharged from their obligations under the lease of January 19, 1978; and, (2) if so, whether the circumstances of this case warrant application of the doctrine of estoppel.
The trial judge did not favor us with written reasons for judgment. The majority of his oral reasons are devoted to finding that the transaction between the Wests and Monsour was an assignment rather than a sublease, even though that fact was not in dispute. At any rate, the trial judge's reasons do not make clear whether he based his dismissal of plaintiff's claim on the legal conclusion that lessee's assignment of his leasehold interest to a third party with the lessor's consent, without more, discharges the original lessee, or whether he reached the factual conclusion that the circumstances surrounding the transaction clearly indicated the intent of *604 the lessor to novate. The former conclusion would be clearly contrary to the law and jurisprudence of this state. LSA-C.C. Art. 2130 and Arts. 2185 et seq, infra. Counsel for Mrs. West[1] contends that the trial judge's decision is based on the latter conclusion.
The following articles of the Louisiana Civil Code are applicable:
"Art. 2130. Methods of extinguishment. Obligations are extinguished:
By payment.
By novation.
By voluntary remission.
By compensation.
By confusion.
By the loss of the thing.
Art. 2185. Novation, definition. Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place.
Art. 2189. Methods of effecting novation. Novation takes place in three ways: ...
2. When a new debtor is substituted to the old one, who is discharged by the creditor.
Art. 2190. Capacity for novation; presumption against novation. Novation can be made only by persons capable of contracting; it is not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt.
Art. 2191. Novation by substitution of new debtor. Novation by the substitution of a new debtor may take place without the concurrence of the former debtor.
Art. 2192. Discharge of original debtor. The delegation, by which a debtor gives to the creditor another debtor who obliges himself towards such creditor, does not operate a novation, unless the creditor has expressly declared that he intends to discharge his debtor who has made the delegation.
Art. 2194. Indication of another person to make or receive payment. The mere indication made by a debtor of a person who is to pay in his place, does not operate a novation.
The same is to be observed of the mere indication made by the creditor of a person who is to receive for him."
In Placid Oil Company v. Taylor, 325 So.2d 313, at 316 (La.App. 3rd Cir.1975), writ refused, 329 So.2d 455 (La.1976), we set out the following considerations in determining whether a novation has been effected:
"The determining factor in deciding whether a novation has been effected is the intention of the parties. The intention to novate may be shown by the character of the transaction, and by the facts and circumstances surrounding it, as well as by the terms of the agreement itself. The burden of proof to establish novation is on the person who claims it Antoine v. Elder Realty Company, 255 So.2d 625 (La.App. 3 Cir.1971); Midlo & Lehmann v. Kotz, 195 So.2d 383 (La. App. 4 Cir.1967)."
While the testimony at trial shows that the Wests may have believed they had been discharged from their obligations under the lease, they failed to bring forth convincing proof that Cane River intended to effect a novation by consenting to the assignment. There was no express declaration of novation or discharge. LSA-C.C. Arts. 2185, 2192 and 2196, supra. A letter agreement submitted by the attorney for Monsour, which was accepted by Charles Gremillion on behalf of Cane River provides only consent to the assignment of the lease from the Wests to Monsour, with Monsour to assume the lease payment. It does not declare the intent of the creditor to discharge the Wests. The pertinent language is as follows:

"In consideration of the commitment made by our client to see that the required annual sales reports are filed, you have agreed that you will consent to an assignment of the lease from Mr. *605 and Mrs. West to our client, with our client to assume lease payments commencing October 1, 1980."

The consent to the assignment and Monsour's assumption of the payments is merely the acceptance of a new debtor and in and of itself does not expressly declare an intent to discharge the debtor. Jacobs v. Calderwood, 4 La.Ann. 509 (1849); Knapp v. Guerin, 144 La. 754, 81 So. 302 (1919); Grundmann v. Trocchiano, 13 La.App. 277, 127 So. 748 (La.App.Orl.Cir., 1930); LaNasa v. Bancroft Investment Corp., 306 So.2d 831 (La.App. 4th Cir.1975).
The circumstances surrounding the transaction are also insufficient to show that a novation was intended by the creditor. The circumstances relied on by Mrs. West are the facts that (1) Cane River dealt solely and completely with Monsour until the time of demand; (2) Cane River suffered Monsour's default on the rent for several months before making demand on the Wests; and, (3) Cane River agreed to terminate the lease with Monsour without consulting with the Wests. These actions on the part of Cane River are, at best, ambiguous. Mr. Sidney Gremillion, the manager of Cane River, testified to other circumstances surrounding the agreement. He testified that the Wests never specifically requested to be discharged from responsibility under the lease, and that such a discharge would have required further investigation of Monsour, and if satisfactory, would have been effected by a customary lease cancellation. Mrs. West agrees that she never specifically asked the Gremillions for a cancellation of the 1978 lease.
Under the clear provisions of LSA-C.C. Art. 2190, supra, novation cannot be presumed, the intention to make it must clearly result from the terms of the agreement or the facts and circumstances surrounding the agreement. The Wests have simply failed in their burden of proving the clear intent of Cane River to novate.
The Wests alternatively contend that Cane River is estopped from recovering against them because of its failure to notify and inform them of Monsour's rent delinquency. Three elements are necessary before the defense of equitable estoppel will defeat the assertion of a claim. There must be (1) some representation by the claimant by conduct or word; (2) justifiable reliance on the claimant's representation by defendant; and, (3) a change in the defendant's position to his detriment because of his reliance on the claimant's representation. Wilkenson v. Wilkenson, 323 So.2d 120 (La.1975). We find none of these elements present in this case. The conduct of Cane River in attempting to first collect the rent from Monsour and its forebearance in hopes of restoring Monsour's financial stability is not inconsistent with its intention to ultimately collect from the Wests. What the Wests relied on was their unjustifiable belief that they had been discharged from their obligations under the lease. Finally, there was no change in the defendants' position. In fact, the record supports the proposition that the plaintiff attempted to minimize the burden on defendants. Otherwise, the Wests would be obligated for substantially more than $5,080.84. We therefore conclude that the circumstances of this case do not warrant application of the doctrine of estoppel.
For these reasons, we conclude that the judgment of the trial court dismissing plaintiff's claim must be reversed and judgment rendered in favor of Cane River and against the Wests.
Upon dismissing the main demand, the trial judge also dismissed the third party demand of Mr. West against Mrs. West for indemnity. Even though Mr. West neither appealed nor answered the appeal of Cane River, we consider the merits of this demand to be viable and before us on appeal. Bond v. Commercial Union Assurance Co., 387 So.2d 617 (La.App. 3rd Cir. 1980); affirmed in part, reversed in part and remanded on other grounds, 407 So.2d 401 (La.1981).
In support of his demand for indemnity, Mr. West relies on the community property settlement between the Wests, dated December *606 9, 1981 which provides in pertinent part as follows:
"IVA LOIS DAVIS WEST receives and WILLIAM HARREL WEST grants, bargains, sells and conveys, with full guarantee of title and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed, unto IVA LOIS DAVIS WEST all of his right, title and interest in and to the following described property, to-wit:...

(3) That certain business known as "The Fox Trot," located in Leesville, Louisiana, together with all merchandise, stock, furniture and fixtures and accounts connected therewith.
It is agreed and understood that Iva Lois Davis West assumes sole liability and responsibility for any indebtedness thereon or in connection therewith, and indemnifies and holds William Harrel West harmless from any claim thereon;
(4) That certain promissory note, secured by chattel mortgage, made by Glen Monsour in the original amount of $10,000.00, dated September, 1980, and payable to Iva Lois Davis West and William Harrel West."
By the terms of this agreement, Mrs. West expressly agreed to indemnify Mr. West for any claim in connection with the business known as "The Fox Trot". This contract is the law between the parties. We are provided with no reasons why it should not be enforced as written. Fidelity & Deposit Co. of Maryland v. Thieme, 193 So. 496 (La.App. 2nd Cir.1940); Cormier v. Rowan, 549 F.2d 963 (C.A. 5, 1979).
For the above and foregoing reasons, the judgment of the trial court is reversed and it is accordingly ordered that there be judgment in favor of Cane River Shopping Center and against William Harrel West and Iva Lois Davis West in the principal sum of $5,080.84, with legal interest thereon from date of judicial demand until paid. It is further ordered that there be judgment in favor of William Harrel West and against Iva Lois Davis West for any sums paid by William Harrel West on the judgment rendered in favor of Cane River Shopping Center.
Costs of these proceedings at the trial level and on appeal are assessed to the defendant, Iva Lois Davis West.
REVERSED AND RENDERED.

ON REHEARING
We granted a rehearing in this case limited to the issue of the correctness of our judgment on the third party demand filed by William Harrell West against Iva Lois Davis West for indemnity.
On original hearing, we reversed the trial court's dismissal of William Harrell West's third party demand for indemnity relying on the terms of a community property settlement agreement between Mr. and Mrs. West dated December 9, 1981, and particularly the following provision thereof:
"IVA LOIS DAVIS WEST received and WILLIAM HARREL WEST grants, bargains, sells and conveys, with full guarantee of title and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed, unto IVA LOIS DAVIS WEST all of his right, title and interest in and to the following described property, to-wit:...
(3) That certain business known as "The Fox Trot," located in Leesville, Louisiana, together with all merchandise, stock, furniture and fixtures and accounts connected therewith.
It is agreed and understood that Iva Lois Davis West assumes sole liability and responsibility for any indebtedness thereon or in connection therewith, and indemnifies and holds William Harrel West harmless from any claim thereon; ..."
On rendition of our original judgment, we failed to observe that by the *607 terms of the aforementioned settlement agreement, Iva Lois Davis West agreed to indemnify William Harrell West for all liability and responsibility for any indebtedness in connection with "The Fox Trot" business located in Leesville, Louisiana. The indebtedness involved in this litigation arises in connection with "The Fox Trot" business located in the Cane River Shopping Center in Natchitoches, Louisiana. Since the agreement to indemnify applies only to the Fox Trot business located in Leesville, Louisiana, we clearly erred in awarding William Harrell West judgment over against Iva Lois Davis West for any part of the indebtedness owed to the plaintiff, Cane River Shopping Center. For these reasons, we amend and recast our original judgment to read as follows:
The judgment of the trial court is reversed insofar as it dismissed plaintiff's demand and it is now ordered, adjudged and decreed that there be judgment in favor of Cane River Shopping Center and against William Harrell West and Iva Lois Davis West in the principal sum of $5,080.84, with legal interest thereon from date of judicial demand until paid. The judgment of the trial court insofar as it dismisses the third party demand of William Harrell West against Iva Lois Davis West is affirmed.
Costs of these proceedings at the trial level and on appeal are assessed to the defendants.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] Mr. West did not file a brief.