271 So.2d 705 (1972)
DART DISTRIBUTORS, INC., Plaintiff-Appellant,
v.
FOTI ENTERPRISES, INC., Defendant-Appellee.
No. 9043.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
*706 Herschel C. Adcock, Womack & Adcock, Baton Rouge, for plaintiff-appellant.
M. F. Driscoll, New Orleans, Steven Joffrion, Jess J. Waguespack, of Talbot, Sotile & Carmouche, Donaldsonville, for Calvin Casteigne.
Before SARTAIN, BLANCHE and EVERETT, JJ.
SARTAIN, Judge.
This is a suit on open account. Plaintiff alleges that defendant is indebted unto it for the sum of $760.79 which is the unpaid balance due for the purchase of a lot of carpet. Defendant, Foti Enterprises, Inc. (Foti), filed a general denial coupled with a third party demand against one Calvin Casteigne. The trial judge rendered judgment in favor of the defendant, Foti, and against the plaintiff rejecting plaintiff's claims and defendant's third party demands. Plaintiff has appealed from that portion of the judgment which denied its claim. We reverse.
All parties concur that the record reflects that Calvin Casteigne, an employee of Foti, purchased from plaintiff a lot of carpet for his own private use. When Mr. Casteigne placed the order for the carpet he held out to Dart Distributors, Inc., with the apparent acquiescence of his employer, that he was purchasing in the name of Foti Enterprises, Inc. When Mr. Casteigne failed to pay the balance to plaintiff this suit followed.
It is plaintiff's position that when the carpet was originally purchased no indication was given to them that the same was not being purchased through the account defendants had with the plaintiff. Calvin Casteigne testified that when he became employed by Foti as a construction foreman in the building of residential units, he had a number of accounts which were transferred to Foti for credit purposes and that when the subject carpet was purchased it was advantageous to him to pay through Foti Enterprises, Inc. to obtain discount advantages. He continued to use the Foti account with plaintiff after the original purchase.
Mrs. Foti, Secretary-Treasurer of Foti, freely acknowledged that Mr. Casteigne had the authority to purchase carpet from the plaintiff on the account of Foti Enterprises, Inc.
When the particular account was not paid, plaintiff made a demand upon Foti who responded that they were not personally responsible for this particular item. Demand was then made upon Mr. Casteigne and he made a payment of $350.00 on the account and thereafter failed to make any further payments.
The record further reflects that at about the time the account which is the subject of this litigation became delinquent, Mr. Casteigne terminated his employment with Foti and an argument ensued as to how much wages were due him by the latter.
It is plaintiff's position that they were not advised that the purchase of the carpet by Mr. Casteigne was for his personal use and that Foti is responsible. Some evidence was offered that when the account became delinquent and Foti Enterprises was called upon for payment they declined to make the same on the grounds that this was a matter exclusively between plaintiff and Mr. Casteigne and that plaintiff agreed to look to Mr. Casteigne for payment.
Plaintiff, on the other hand, contends that even though it agreed to seek payment from Mr. Casteigne it never released Foti as the primary obligor.
*707 The trial judge in his oral reasons for judgment stated, inter alia:
". . . It (plaintiff) actually billed him and received payment on the account. Credit was shown on the account. It was only after some disagreement arose as to failure of consideration or the failure of the quality of the goods and the difficulty arose and then Foti Enterprises was billed. The Court looks at the evidence as a whole and would say that Foti came into the picture merely because that was the method that Mr. Casteigne could obtain a discount, not that credit of Foti was used in any extent or that Foti Enterprises guaranteed the account. . . ."
We are compelled to hold that the trial judge committed manifest error when he found as a matter of fact that plaintiff had agreed to relieve Foti of any responsibility for the purchase of the carpet. Our appreciation of the evidence leaves no doubt in our mind that Mr. Casteigne used the Foti account with its full knowledge and consent for the purpose of obtaining a discount advantage. The record further reflects that subsequent to this purchase, Mr. Casteigne made repeated purchases from plaintiff for his employer, Foti Enterprises.
It is settled law that a principal is responsible for the acts of his agents committed within the scope of the agency. Chase v. Dunbar, 185 So.2d 563 (1st La. App.1966). As between principal and agent, an agency is created and authority is actually conferred in a manner similar to that of contract. The creation of an agency relationship may be express or implied. However, an implied agency is nonetheless an actual agency. Busby v. Walker, 84 So.2d 304 (2nd La.App.1955). Where the principal clothes an agent with apparent authority to perform certain acts and a third person (such as plaintiff here) who has no knowledge of or reason to believe that there are limitations on that authority, deals with the agent, then the principal is estopped from setting aside the acts of the agent which, although beyond the actual power delegated to him, are within his apparent authority. Ebert v. Babin, 200 So.2d 672 (3rd La.App.1967), C.C. Art. 3000.
The argument that plaintiff released Foti from the obligation both verbally and when plaintiff accepted payment on the account directly from Mr. Casteigne, is without merit. Defendant, Foti, failed to bear the burden of proving that Mr. Foti, President of Foti Enterprises, Inc., had received assurance from the plaintiff that the latter would look exclusively to Mr. Casteigne for the payment of the balance due on the account. Mr. Foti did not testify on the trial of this matter so the testimony of plaintiff's officer stands unrebutted. C.C. Art. 2232.
Now with respect to defendant's third party claim against Mr. Casteigne, it was readily admitted by Mr. Casteigne that the carpet was purchased by him for his personal use and the amount sought by the plaintiff is the balance due on the account. Foti has proved its third party claim and the same should be recognized.
On the date this matter was set for trial Mr. Casteigne, through counsel, endeavored to obtain leave of court for the filing of a reconventional demand against Foti for alleged back wages. Over objection of counsel for plaintiff the trial judge declined to permit the filing of the reconventional demand. This was in his discretion and we find no manifest error in this conclusion. C.C.P. Art. 1033. Mr. Casteigne is still free to assert any rights he may have against Foti Enterprises for back wages.
Accordingly, for the above reasons the judgment of the District Court in favor of the defendant, Foti Enterprises, Inc., and against Dart Distributors, Inc., and against Foti Enterprises, Inc., as third party plaintiff, are reversed and set aside and judgment is rendered herein in favor of the *708 plaintiff, Dart Distributors, Inc., and against Foti Enterprises, Inc., for the sum of $760.79 together with legal interest thereon from the date of judicial demand, until paid, and for all costs of these proceedings. Judgment is further rendered herein in favor of Foti Enterprises, Inc. and against Calvin Casteigne, third party defendant, in a like sum, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.
Reversed and rendered.
EVERETT, Judge (dissenting).
The evidence just does not support the majority view that Foti Enterprises, Inc. is responsible to Dart Distributors, Inc. for the debt incurred by Calvin Casteigne.
I respectfully dissent.