291 So.2d 527 (1974)
John E. RUIZ, Sr., et al.
v.
SUCCESSION of Joseph George VIOSCA and Succession of Mrs. Ruth Corkern Viosca.
No. 6053.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
John E. Ruiz, Jr., New Orleans, for plaintiffs-appellants.
T. M. McBride, III, Chalmette, for defendants-appellees.
Before REDMANN, STOULIG and BOUTALL, JJ.
REDMANN, Judge.
Plaintiffs appeal from judgments on rules and exceptions (prior to answer) which (1) refused preliminary injunction against the land sale by defendant to a third party, (2) dismissed plaintiffs' demands for specific performance of two expired contracts obliging defendants to sell the land to some of plaintiffs, and (3) dismissed two of the three plaintiffs on exceptions (while overruling an exception lodged against plaintiff Ronald Ruiz). We affirm.
*528 Plaintiffs have never filed a brief, despite having appeared at argument time to advise the court the appeal was not abandoned (thus averting dismissal under Uniform Rule 7 § 5(b)) and to obtain leave to file a brief within ten days.
Decedents' offer to sell property had been accepted by "Tulane Ave. Holding Co., John Ruiz, Pres." [or, arguably, "Sr."]. John Ruiz had previously sued the same defendants on the same contractual cause of action for the same relief and judgment was rendered dismissing his suit. The exception of res judicata was correctly maintained as to him; C.C. art. 2286.
Ruiz's corporation, claiming under that first contract, affirmatively shows by its petition that it consented to the extinction by novation of any right it may have had under the first contract by causing a new buy-sell agreement in favor of Ronald Ruiz. C.C. art. 2185 et seq. That Ronald Ruiz may have allowed this second agreement to lapse by inaction does not revive the corporation's extinguished right. The exception of no cause of action was properly maintained as to the corporation.
Insofar as Ronald Ruiz may have sought to appeal from the refusal of preliminary injunction his appeal is dismissed as untimely because beyond the 15-day period of C.C.P. art. 3612.
Insofar as he may appeal from dismissal of his demand for specific performance his appeal is dismissed as moot for lack of a recorded lis pendens notice, C.C. P. art. 3751, in view of the sale to a third party. A contract to sell an immovable, or a judgment ordering specific performance of such a contract, is "utterly null and void, except between the parties" in the absence of recordation, C.C. art. 2266. Whenever the interest asserted in a lawsuit is of a kind that requires recordation to be effective against third parties, the lis pendens statute, C.C.P. art. 3751, enables the claimant to protect himself against third parties; and the statute must be complied with to preserve such interest in respect to the property, Soniat v. Whitmer, 1916, 141 La. 235, 74 So. 916.
The appeal is in part dismissed and the judgment insofar as properly appealed is affirmed at plaintiffs' cost.