BAILES, Judge Pro Tern.
On Motion to Dismiss the Appeal
Plaintiff-appellee seeks the dismissal of this appeal on the ground that defendant-appellants have appealed an interlocutory judgment of the district court overruling an exception of lis pendens filed by defendants.
The exception of lis pendens states :
“That in the Twenty-First Judicial District Court in and for the Parish of Tan-gipahoa, there is presently a matter entitled Mrs. Cecelia S. Ponder v. Mary Purser Pechón, Fernand Willoz, III and R. L. Carruth, No. 27,034, Twenty-First Judicial District Court, Parish of Tangi-pahoa, State of Louisiana, which matter is now pending before the Supreme Court of the state of Louisiana, that the parties hereto are the same as the parties in this action, that the said preceding *551 (sic) involves the same cause of action and has the same object as the instant suit; that exceptors especially pleads the tendency (sic) of the said action in bar of prosecution of the instant suit.”
This exception of lis pendens was filed on September 25, 1972.
The matter referred to in the exception, quoted above, as “now pending before the Supreme Court of the state of Louisiana” is the suit of Pechon v. Ponder, 256 So.2d 802 (1972) decided by this Court on December 20, 1971, rehearing denied on January 31, 1972, and on which the Supreme Court granted a writ of review on March 15, 1972, (259 So.2d 549). On February 19, 1973, the Supreme Court affirmed the judgment of this Court. Rehearing was denied on March 26, 1973.
In the instant case, the trial court rendered and signed a judgment dismissing the exception of lis pendens on July 23, 1974. It is from this judgment dismissing the exception of lis pendens that the defendants have appealed.
Defendant-appellants oppose the motion on the ground that the exception which was dismissed by the trial court was, in reality an exception of res judicata as defined by LSA-C.C. Article 2286. Expressive of defendant-appellants’ position is the following statement in their brief:
“If the court would examine the exception of lis pendens filed September 25, 1972 in this matter, it will be seen that the exception states every element that must be contained before res judicata can be found. * * * Regardless of the title given to the pleading, the exception was one of res judicata which is allowed by Article 927 of the Louisiana Code of Civil Procedure. Such an exception is a declinatory exception and is appealable.”
It is further argued that we should consider this exception as one of res judicata regardless of the mistake made in designating the pleadings an exception of lis pen-dens, citing the cases of Gulotta v. Cutshaw, La., 283 So.2d 482; Vico Concrete Co. Inc. v. Antley, La.App., 283 So.2d 830; and Polk v. Hunt, La.App., 282 So.2d 614.
We have examined the cited cases and find them not apropos to the issue herein. At least two circumstances are present which militate against the defendant-appellants’ position. These are:
-I. At the time the exception of lis pen-dens was filed in the trial court on September 25, 1972, the case of Pechón v. Ponder, No. 27,034 was still pending. At that time the judgment of the Supreme Court had not been rendered and no definitive judgment existed; and this pendency was expressly pleaded in the exception. At the time of the filing of the exception of lis pendens there existed both factual and legal bases therefor. We find no error or mistake in designating the pleading an exception of lis pendens; and
2. The court is prohibited from supplying the objections (exception) of res judi-cata. (See LSA-C.C.P. Article 927) This court cannot convert a properly pleaded exception of lis pendens into an exception of res judicata, under the pretext of granting the relief to which a party is entitled.
LSA-C.C.P. Articles 531 and 925 may be utilized for the purpose of preventing duplicity of litigation, whereas the substance of LSA-C.C. Article 2286, in conjunction with LSA-C.C.P. Article 927, are for the purpose of putting an end to litigation.
The trial court rendered an interlocutory judgment in dismissing the exception of lis pendens. This interlocutory judgment cannot be appealed.
Accordingly, this appeal is dismissed.
Appeal dismissed.