363 So.2d 1261 (1978)
Azam Sadremo HAREPOUR
v.
A. C. COLLINS FORD OF NEW ORLEANS, INC., and Fred Forte.
No. 9474.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
*1262 Wayne M. LeBlanc, Metairie, for plaintiff-appellee.
William J. Branum, Metairie, for A. C. Collins Ford of New Orleans, Inc., defendant-appellant.
Before GULOTTA, STOULIG and GARRISON, JJ.
STOULIG, Judge.
Plaintiff, Mrs. Azam Sadremo Harepour, obtained a $2,000 judgment against A. C. Collins of New Orleans, Inc.[1] (Collins), an automobile dealer; and Fred Forte, one of its former salesmen, in a suit for reimbursement of money paid toward the purchase[2] of a car that was never delivered. The trial court dismissed Collins' third party claim. Only Collins appealed seeking a reversal of the adverse judgment on the main demand and, alternatively, praying for a third party judgment against Forte.
Plaintiff's claim stems from an agreement to buy a used car from Forte, a salesman for Collins. She first visited the Collins dealership on October 28, 1976, and through this salesman learned she could not qualify for a loan to buy a new car.[3] Forte told her he would sell her a used car, and on October 28 she gave him a check for $400; on November 1 a second check for $300; and on November 14 a check for $2,300. At Forte's instruction all three checks were made payable to him. To realize additional money for the car, plaintiff gave Forte a Persian rug which she testified had been appraised for $1,200 and which he stated he sold for $200. On November 19, 1976, five days after plaintiff gave Forte the last check, his employment with Collins was terminated. Plaintiff testified she first learned that Collins disclaimed any knowledge of the transaction after Forte left the agency.
Forte acknowledges receiving the money, selling the rug and not delivering an automobile to plaintiff as a vendee. This defendant contends plaintiff invested this money in his used car business, which he established after leaving Collins, and that he loaned her several automobiles while he was in business with her, one of which she wrecked.
The trial court rejected this version with good reason. Forte at one point stated some two weeks had elapsed after he met plaintiff before she was aware of his used car business and the checks written to Forte were all issued within 17 days of the first meeting of plaintiff and the salesman.
After reviewing the record, we conclude Mrs. Harepour paid $3,200 to Forte under the assumption she was purchasing a used car from the dealer. After the agency disclaimed responsibility, she tried to recover her money from Forte. To this effect she and Forte signed a document dated January 23, 1977 in which he acknowledged an indebtedness of $2,535, which he promised to pay in weekly installments of $126.75. In addition Forte obligated himself to transfer to plaintiff title to a 1971 Toyota. At the time of the signing, Forte issued a series of checks in the sums of the weekly installments that were postdated. Mrs. Harepour attempted to negotiate three of the checks, all of which were returned with the N.S.F. designation. The agreement concluded, "* * * both parties mutually agree that all are released when payments are made in full."
Appellant contends the trial court erred in imposing liability on Collins for the contractual dealings of Forte with plaintiff because this transaction was outside the scope of any real or apparent authority Collins had conferred on Forte. There is no dispute that Collins did not authorize this transaction. By its cross-examination of *1263 plaintiff, a graduate student at the University of New Orleans, Collins attempted to demonstrate that she was sufficiently conversant with business practices in this country to be aware that Forte was dealing for his own benefit and not for Collins'.
Collins' liability rests on a LSA-C.C. art. 3000 basis. We quote:
"Powers granted to persons, who exercise a profession, or fulfill certain functions, or doing any business in the ordinary course of affairs to which they are devoted, need not be specified, but are inferred from the functions which these mandataries exercise."
For the trial judge to have rendered a favorable decision for plaintiff casting Collins in judgment, he would have had to conclude that her version of the transactions was true. There is nothing in the record to warrant our finding that this conclusion is manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Therefore, plaintiff's assumption that she was dealing with a representative of the Collins agency when she entered that dealership to purchase a car was quite reasonable. In the ordinary course of affairs, a purchaser would infer that a salesman employed in an automobile dealership was authorized to sell cars for the owner. Even though Forte acted beyond the scope of his authority and actually worked against his employer's best interest by diverting a Collins customer's attention to his personal sale, if one was ever intended, there was nothing to indicate to plaintiff she was not dealing with a Collins representative and she could rely on the apparent authority of Forte. See Radiofone v. Oxford Bldg. Services, etc., 347 So.2d 327 (La.App. 4th Cir. 1977); and Dart Distributors, Inc. v. Foti Enterprises, Inc., 271 So.2d 705 (La. App. 1st Cir. 1972). Thus we conclude that Collins, having conferred the apparent authority on Forte to act in its behalf, is liable for the wrongdoings of its ostensible agent and is solidarily liable with him for the loss plaintiff occasioned.
Appellant further argues that if it was originally liable with Forte, the subsequent agreement between plaintiff and Forte was a novation whereby Forte assumed the debt and entered into an agreement to liquidate it. While it is true that novation by substitution of a new debtor may occur without the concurrence of the former debtor (LSA-C.C. art. 2191), the creditor must expressly declare an intent to discharge the former debtor. In the instrument presented as the basis of the alleged novation, the creditor stipulates the release of all parties liable will only occur when full payment has been received. It is doubtful that Forte honestly consented to payment when he issued the postdated checks because none of them were honored by the bank upon which they were drawn. But even if he had, full payment never materialized and thus the condition upon which debtor discharge hinged never happened.
Finally, appellant urges us to render a third party judgment against Forte. Clearly it is entitled to this award.
For the reasons assigned, the judgment appealed from is amended to cast A. C. Collins of New Orleans, Inc., and Fred Forte as solidary obligors and to award A. C. Collins of New Orleans, Inc., a judgment against Fred Forte in the sum of $2,000 with interest and costs it is required to pay to plaintiff. In all other respects the judgment is affirmed, costs of this appeal to be borne by appellant.
AMENDED AND AFFIRMED.
NOTES
[1] The defendant is designated in the petition as A. C. Collins Ford of New Orleans, Inc., and in the judgment as A. C. Collins of New Orleans, Inc.
[2] Plaintiff alleged an indebtedness in excess of $2,000 and stated she reduced her demand to that amount to fall within the jurisdiction of the First City Court of New Orleans.
[3] At the time plaintiff filed her application for credit to purchase a new car she deposited a $50 check payable to Collins. The check was never negotiated or returned.