413 So.2d 978 (1982)
HUVAL TRACTOR, INC., Plaintiff-Appellant,
v.
Gilbert JOURNET, Defendant-Appellee.
No. 8801.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Rehearing Denied June 1, 1982.
*979 J. B. Willis, St. Martinville, for plaintiff-appellant.
Gauthier & Cedars, Ltd., Stanford B. Gauthier, II, Breaux Bridge, for defendant-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
DOMENGEAUX, Judge.
This action was instituted by plaintiff-appellant, Huval Tractor, Inc. (Huval), against defendant-appellee, Gilbert Journet (Journet), for the balance due on two promissory notes. Defendant reconvened for expenses he incurred in order to dissolve plaintiff's writ of sequestration, which defendant claimed was wrongfully issued. The trial judge found in favor of defendant dismissing plaintiff's action and further granted defendant judgment for his reconventional demand. We affirm, but will amend the judgment in order to award attorney fees *980 for services on appeal and to correct a clerical error.
This suit arose out of a series of three transactions which took place between Huval and Journet. The first was on March 23, 1978, when Huval sold an Allis Chalmer tractor to Journet for $8,067.12, represented by chattel mortgage note payable in three successive annual installments commencing December 1, 1978. The second was on May 18, 1978, when Huval sold a set of Burch Row Planters with other equipment to Journet for $2,192.12. This latter sale was represented by a chattel mortgage note payable in two successive annual installments also commencing December 1, 1978.
The third transaction took place on November 25, 1978, when Journet purchased from Huval one (1) Case tractor. To secure payment for this tractor Journet executed a promissory note made payable to Huval secured by a chattel mortgage on said tractor. The sale and the chattel mortgage representing this last transaction shows that no cash downpayment was made, however, Journet traded in the Allis Chalmer tractor on the Case tractor. The unpaid balance of the purchase price was $26,637.00, which, according to the chattel mortgage, was to be financed at an annual percentage rate of 16.5%.
Huval commenced suit against Journet on June 12, 1979, on the note in the principal amount of $8,067.12, dated March 23, 1978 (first of the transactions), and also on the note in the principal amount of $2,192.12, dated May 18, 1978 (second transaction). Huval also requested that a writ of sequestration issue. The writ was issued without bond on June 12, 1979, ordering the Sheriff to seize the Allis Chalmer tractor (of the third transaction) and Burch Row Planters. The writ was issued; however, the items were not actually seized as Huval had actual possession of the Allis Chalmer tractor and the Sheriff was unable to locate the Burch Row Planters.
Journet filed an answer and reconventional demand on July 25, 1979. In answer, Journet alleged that the first note was extinguished by the trade-in of the Allis Chalmer tractor and further, that Huval was the owner of the Allis Chalmer tractor. Journet also requested damages from Huval alleging that as the writ of sequestration was issued without bond, Journet was entitled to have the writ dissolved and awarded damages for its wrongful issuance.
Prior to trial, the note dated May 18, 1978 (second transaction), was paid in full by Journet, and therefore, this issue was not litigated.
Trial on the merits was held on May 18, 1981, at which time the trial court granted Journet's motion for a directed verdict on the note dated March 23, 1978 (first transaction), in the principal amount of $8,067.12. Thereafter, the trial court received testimony regarding the reconventional demand of Journet, and awarded Journet damages in the amount of $500.00 for wrongful issuance of the writ of sequestration. This appeal followed.
Huval appeals contending that the trial judge erred in (1) finding that the promissory note dated March 23, 1978 was extinguished by novation; and (2) awarding Journet $500.00 for attorney fees to dissolve the writ. Journet answered the appeal asking that a clerical error in the original judgment be corrected, and that the amount of damages be increased to reflect the additional attorney fees incurred on appeal.

EXTINGUISHMENT OF THE NOTE
The trial judge in reasons orally assigned dismissed plaintiff's principal demand on the March 23, 1978 note holding that the debt had been extinguished by novation. We agree.
The following Articles of the Louisiana Civil Code are applicable:
"Art. 2185. Novation is a contract, consisting of two stipulations; one to extinguish an existing obligation, the other to substitute a new one in its place.
Art. 2190. Novation can be made only by persons capable of contracting; it is not presumed; the intention to make it must clearly result from the terms of the *981 agreement, or by a full discharge of the original debt."
Huval's principal argument, based on the cited Articles of the Civil Code, is that the terms of the Sale and Chattel Mortgage Agreement do not make it clear that the parties intended to extinguish the obligation underlined in the March 23, 1978 note and substitute the November 25, 1978 note in its place; that novation cannot be presumed; and that the evidence thus fails to support a holding that the November 25, 1978 note effected a novation of the previously existing debt.
Although the Code Articles state that novation is not presumed to occur and that a creditor must expressly declare his intent to discharge his debtor, our Courts have held that a debtor may be discharged where the intent of the creditor to novate is clearly indicated. Isaacs v. Van Hoose, 171 La. 676, 131 So. 845 (1930); Strunk Chain Saws, Inc. v. C. W. Williams, 111 So.2d 195 (La.App. 2nd Cir. 1959). Novation may also occur when the intent of the parties, the character of the transaction, the facts and circumstances surrounding the transaction, and the terms of the agreement itself reveal a desire to effect a novation. Placid Oil Company v. Taylor, 325 So.2d 313 (La. App. 3rd Cir. 1975), writ denied 329 So.2d 455 (La.1976); Smith, Howard and McCoy, Inc. v. Acme General Contractors, Inc., 152 So.2d 596 (La.App. 2nd Cir. 1963), writ refused 244 La. 663, 153 So.2d 881 (1963); Harepour v. A. C. Collins Ford of New Orleans, Inc., 363 So.2d 1261 (La.App. 4th Cir. 1978).
Upon review of the record, we agree with the district judge who found that the November 25, 1978 Sale and Chattel Mortgage Agreement representing the sale of the Case tractor, along with the nature of the transaction and the surrounding circumstances, clearly indicates Huval's intention to discharge the debt on the Allis Chalmers tractor. The sale and the chattel mortgage states the value of the Allis Chalmers tractor to be $7,200.00, and the balance owing to be $7,008.00, giving a positive trade-in allowance of $192.00. Additionally, this document specifically recites that Journet "bargains, sells, conveys unto Seller" the trade-in equipment. Upon the face of this document alone it is apparent that Huval intended to extinguish the debt on the Allis Chalmer tractor in exchange for Journet's purchase of the Case tractor. Consequently, we affirm the judgment of the trial judge dismissing Huval's suit on the March 23, 1978 note.

THE WRIT
Huval contends that the trial judge erred in awarding damages[1] for the wrongful issuance of the writ of sequestration on Journet's equipment, when the law does not require that security be furnished in order to obtain a writ of sequestration. We disagree.
Huval obtained a writ of sequestration in the instant proceedings without furnishing security as required by La.C.C.P. Article 3501[2] and La.C.C.P. Article 3574.[3] Huval in brief states that there is no need to post security, however, it fails to cite any authority to support its position.
*982 Journet answered the original petition and alleged that the writ was wrongfully issued. Thereupon, Huval was burdened with the obligation to establish the facts constituting the issuance of the writ. La.C.C.P. Article 3506; Yorkwood Savings and Loan Association v. Thomas, 379 So.2d 798 (La.App. 4th Cir. 1980). As Huval must show the grounds upon which the writ was issued, it must first establish that the writ was issued with security. As the record indicates, Huval failed to prove this. However, assuming for the purposes of argument that the writ was properly issued without bond, Huval must then prove the allegations of its petition claiming its right to a writ of sequestration. This, it did not do. Therefore, for this reason as well as those previously mentioned, the writ was wrongfully issued, and Huval is liable for damages resulting from its issuance.
La.C.C.P. Article 3506 provides that the court may award damages, including attorney's fees for the dissolution of the writ which was wrongfully issued. The trial court properly concluded the writ was wrongfully issued, dissolved same and thereafter, awarded damages to Journet in the amount of $500.00, which were entirely composed of attorney's fees. In answering this appeal Journet requests additional attorney's fees of $2,000.00 as compensation for the efforts required in prosecuting this appeal. This court has consistently recognized the fact in these type cases that litigants successful at the trial level, must incur additional expenses to protect their rights upon appeal. Accordingly, we have granted additional attorney's fees in the amount of $500.00 in similar cases. See Horn v. Vancouver Plywood Company, 322 So.2d 816 (La.App. 3rd Cir. 1975) and the cases cited therein. As Journet has been forced to again defend himself on this suspensive appeal, we increase his award of attorney's fees from $500.00 to $1,000.00 to cover the cost of this appeal.

CORRECTION OF THE TRIAL COURT'S JUDGMENT
The trial court in its oral reasons for judgment rendered judgment in favor of Journet on his reconventional demand. However, in preparation of the formal written judgment, a clerical error was committed and it stated that there would be judgment in favor of plaintiff in reconvention, Huval Tractor, Inc., in the amount of $500.00. The record is clear that the $500.00 judgment was rendered in favor of plaintiff in reconvention, Gilbert Journet, not Huval Tractor, Inc., and as such the judgment will be amended to reflect the same.

DECREE
For the above and foregoing reasons the judgment of the trial court is amended to increase the amount of attorney's fees therein from $500.00 to $1,000.00. The trial court's judgment is also amended to reflect that Gilbert Journet and not Huval Tractor, Inc. is the plaintiff in reconvention, and therefore is entitled to the attorney's fees as herein provided. In all other respects the judgment of the trial court is affirmed with costs at trial and on appeal being assessed against appellant, Huval Tractor, Inc.
AMENDED AND AFFIRMED.
NOTES
[1] Since none of the equipment was actually seized by the Sheriff the only damages incurred by Journet was attorney fees for dissolution of the writ.
[2] "C.C.P. Art. 3501. Petition; affidavit; security

A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.
The applicant shall furnish security as required by law for the payment of the damages the defendant may sustain when the writ is obtained wrongfully."
[3] "C.C.P. Art. 3574. Plaintiff's security

An applicant for a writ of sequestration shall furnish security for an amount determined by the court to be sufficient to protect the defendant against any damage resulting from a wrongful issuance, unless security is dispensed with by law."