DOMENGEAUX, Judge.
This appeal arises out of a suit instituted by plaintiff-appellee, Huval Tractor, Inc., against defendant-appellant, Gilbert Jour-net, for the balance due ($32,567.83) on a promissory note executed by Journet.
In a previous suit involving these parties, Huval Tractor, Inc. v. Journet, 413 So.2d 978 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 446 (La.1982), it was shown that Journet purchased an Allis Chalmers tractor from Huval Tractor, Inc., on March 23, 1978, for $8,632.00. Journet made a cash down payment of $2,323.00 and executed a chattel mortgage on the tractor and a promissory note dated March 23, 1978, for the balance remaining. The note, in the amount of $8,067.12 (including interest), was payable in three annual installments commencing December 1, 1978.
On November 25, 1978, Journet contacted Huval, negotiated a credit trade-in of the Allis Chalmers tractor to Huval for $7,200.00, and purchased a Case tractor. Journet executed a chattel mortgage on the Case tractor and a promissory note dated November 25, 1978, for $32,567.83 (including interest), payable in four annual installments. Approximately two weeks after Journet obtained possession of the Case tractor, he returned it to Huval because he was unable to secure financing through the Farmers Home Administration. Huval thereafter sold the Case tractor to a third party. He then commenced suit on June 12, 1979, against Journet for the balance owed on the Allis Chalmers tractor ($8,067.12), in addition to other claims not pertinent here, arising out of the first transaction. It was determined in the initial lawsuit that the existing obligation (the March 23, 1978 promissory note for the Allis Chalmers tractor for $8,067.12) was extinguished by novation, i.e., a new substituted obligation discharging the original debt. The trial judge dismissed Huval’s suit on the March 23, 1978, note and we affirmed. The Louisiana Supreme Court denied Huval’s application for writ of cer-tiorari.
Immediately after judgment in the prior case, Huval instituted the instant proceeding on May 18, 1981. The purchase of the second tractor is the basis of this suit. Huval sued Journet for the principal sum of $32,567.83, claiming that the second promissory note was still viable. However, during the trial Huval’s counsel stipulated that the recovery was limited to equitable relief for the principal sum of the original promissory note; counsel for Huval claimed that it was entitled to only $8,067.12 according to the doctrine of unjust enrichment. The trial judge rendered the decision in favor of Huval, awarding it $8,067.12 based upon the theory of quantum meruit, for the amount due under the extinguished note. Additionally, the trial court ordered title to the Allis Chalmers tractor transferred from Huval to Journet. Journet has devolutively appealed the adverse judgment.
ISSUES
The appellant contends that the ti-ial court erred in awarding $8,067.12 to Huval Tractor, Inc. based upon quantum meruit; and in ordering the title to the Allis Chal-mers tractor transferred to Journet. We agree.
*375 The appellant alternatively contends that if the trial court correctly awarded judgment on the original note, then the Court erred in granting interest and attorney’s fees on the principal and interest. Because of our findings, it is unnecessary to consider this alternative assignment.
QUANTUM MERUIT
The trial court incorrectly resorted to an equitable doctrine when there existed express Code provisions which governed the instant case. La.C.C. Art. 21. The trial judge found an implied or constructive contract, but here the theory of quantum meruit does not apply to recovery for the notes. La.C.C. Arts. 1963, 1965, and 1967.
This Court, in Swiftships, Inc. v. Burdin, 338 So.2d 1193 (La.App. 3rd Cir.1976), defined quantum meruit and explained the fundamental purpose of La.C.C. Art. 1965:
“Quantum meruit is an equitable doctrine, based on the concept that no one who benefits by the labor and materials of another should be unjustly enriched thereby. Under those circumstances, the law implies a promise to pay a reasonable amount for the labor and materials furnished, even in the absence of a specific contract therefor.”
At 1195.
Specific laws apply to the obligations between Journet and Huval. The trial court was bound to follow the applicable code provisions in this civil matter.
AN EXTINGUISHED OBLIGATION
During trial, counsel for Huval stipulated that the current suit was not for the principal amount due on the new November 25, 1978, $32,567.83 promissory note, but rather Huval sought to recover the principal amount due on the old promissory note of March 23, 1978, in the amount of $8,067.12. Huval Tractor, Inc. had previously sued the same defendant on the same contractual cause of action for the same relief, and we rendered judgment dismissing that suit. It seems that the issues have already been adjudged. However, the doctrine of res judicata must be construed stricti juris. McNeal v. State Farm Mutual Auto Insurance Company, 278 So.2d 108 (La.1973).
A res judicata objection is a peremptory exception and may be pleaded only prior to submission of the case to trial. Heard v. Heard, 424 So.2d 1177 (La.App. 1st Cir.1982). Res judicata, and prescription, are the only objections raised by peremptory exception that the Court (either trial or appellate) cannot supply or notice; these must be specially pleaded. La.C.C.P. Art. 927. While we recognize that the face of Huval’s petition contained a different contractual cause of action, i.e., the second promissory note (November 25, 1978), the plaintiff actually attempted to resurrect the original promissory note, seeking recovery on the theory of quantum meruit or unjust enrichment. By proceeding as such Huval impelled Journet to defend the second suit without notice that Huval intended to retry the identical issues presented in the initial case. Ruiz v. Succession of Viosca, 291 So.2d 527 (La.App. 4th Cir.1974). Although we maintain that every element for res judicata has been met, on appeal we are precluded from barring this action because Journet did not file a peremptory exception of res judicata as required by La.C.C.P. Art. 927. Further, we are prohibited from converting any other properly pleaded peremptory exception into an exception of res judicata. Mai v. Mai, 419 So.2d 1251 (La.App. 3rd Cir.1982), writ denied, 420 So.2d 970 (La.1982); Ponder v. Stire, 303 So.2d 550 (La.App. 1st Cir.1974); writ denied, 318 So.2d 55 (La.1975). However, we do find that the original note was extinguished by the creation of the new note, thereby effecting a novation. Huval v. Journet, supra, 413 So.2d at 980-981; La.C.C. Art. 2185. Huval’s rights were restricted to the terms of the new obligation. Walker v. Delahoussaye, 116 So.2d 884 (La.App. 1st Cir.1959). The fact that the second agreement between Journet and Huval lapsed did not revive the extinguished obligation. Ruiz v. Succession of Viosca, supra, 291 So.2d at 528.
*376 Further, we conclude that the second obligation has been extinguished by payment of the debt. La.C.C. Art. 2130, 2131. Article 2131 provides:
“By payment is meant, not only the delivery of a sum of money, when such is the obligation of the contract, but the performance of that which the parties respectively undertook, whether it be to give or to do.”
Shortly after Journet returned the Case tractor to Huval, Huval sold the Case tractor to a third party. Mr. Huval admitted this sale during the second trial. His testimony also revealed that the second promissory note (November 25, 1978), was can-celled.
The return of the tractor constituted a valid dation en paiement which extinguished the obligation.
La.C.C. Art. 2655 defines a dation en paiement or the giving of an object for the cancellation of the underlying obligation as follows:
“The giving in payment is an act by which a debtor gives a thing to the creditor, who is willing to receive it, in payment of a sum which is due.”
The clear import of this Article is that any debt or obligation, disputed or undisputed, liquidated or unliquidated, may be extinguished in the manner therein provided. St. Landry Credit Plan, Inc. v. Darbonne, 221 So.2d 880 (La.App. 1st Cir.1969).
Huval accepted a dation en paiement from its debtor, Journet. Title to the Case tractor passed to the creditor-donee. Mack Trucks, Inc. v. Magee, 141 So.2d 85 (La.App. 1st Cir.1962). Huval manifested his willingness to receive the tractor by keeping it at the place of business and later selling it to someone else. Although Jour-net did not demand the return of the can-celled note, the delivery to Huval, Inc. and the subsequent sale of the Case tractor by Huval, Inc. (as owner) was sufficient to effect an extinguishment by dation en paiement. Quality Finance Company of Donaldsonville, Inc. v. Bourque, 315 So.2d 656 (La.1975); St. Landry Credit Plan, Inc. v. Darbonne, supra, 221 So.2d at 882-883; La.C.C. Art. 2656.
CONCLUSION
The trial court erred in its determination that plaintiff was entitled to judgment when both the original obligation and the substituted obligation of the defendant were extinguished. It follows therefore, that the trial court further erred in ordering the title to the Allis Chalmers tractor transferred to defendant Journet.
DECREE
For the above and foregoing reasons the judgment of the trial court is reversed and plaintiffs suit is ordered dismissed at its costs, both at trial and on appeal.
REVERSED AND RENDERED.