GAUDIN, Judge.
Dora Helen Guillory’s request for unemployment benefits was turned down by an appeals referee and then by the Louisiana Board of Review. The 24th Judicial District Court affirmed the Board’s decision.
On appeal to this Court, Guillory argues that she had good and legal cause for leaving her employment as a wholesale meat processor. The initial employment agree *1198 ment required Guillory to work in Kenner where she resided. Later, the plant where Guillory was employed moved to Hammond.
Guillory initially tried to make the round-trip of more than 50 miles by automobile. She worked in Hammond from 7 a.m. to 4:30 p.m. Monday through Friday from August 16,1985 to January 7,1986. She then advised her employer that she could no longer continue.
We reverse the district court judgment affirming the appeals referee and the Board of Review. We hold that a female employee forced to drive more than 50 miles roundtrip to where she worked, a requirement not part of the original employment agreement, is entitled to unemployment compensation if she became nervous and emotionally upset by the day-after-day driving on interstate highways, often through early morning fog.
It is significant that Guillory’s initial employment agreement did not contemplate a roundtrip of 50 plus miles. The instant facts are strikingly similar to those of Boudreaux v. Louisiana Board of Review, 374 So.2d 1182 (La.1979). There, an employee was denied unemployment benefits until the case reached the Supreme Court of Louisiana, which stated at page 1184:
“In the absence of a finding that the initial employment agreement specifically contemplated that the employee provide transportation for himself to a work-site 48-miles round-trip from his home, we find that, under the circumstance, the plaintiff-employee left his job for good cause connected with his employment. The circumstances we rely upon are: the plaintiff’s employment at $2.36 per hour; his transfer to a post 48-miles round-trip from his home after his initial employment; and the unavailability at reasonable cost of adequate available transportation to his changed and far more distant work-site. As stated by the dissenting judge in the court of appeal, “under these circumstances, ... [the] plaintiff's employment was unsuitable, and ... he had left his employment for good cause.” [Azam Sadremo Harepour v. A.C. Collins Ford of New Orleans, Inc.,] 363 So.2d 1261 [(La.App.1978) ].
The plaintiff is thus entitled to unemployment compensation benefits.”
Guillory testified about her emotional distress and nervousness. While there was no medical confirmation, her testimony was competent evidence and there is nothing in the record suggesting that Guillory exaggerated her condition or that she misrepresented anything to the appeals referee.
It is to Guillory’s credit that she tried to maintain her employment once the plant relocated in Hammond.
Normally, judicial review of an administrative hearing is limited. Appeals referees, however, are not infallible. We find that the decision here denying Guillory unemployment compensation was not based on sufficient, reasonable evidence. See Boudreaux v. Louisiana Board of Review, supra; also, Bateman v. Howard Johnson Company, 292 So.2d 228 (La.1974).
For these reasons, Guillory’s denial of unemployment benefits by the appeals referee is reversed and set aside, along with the affirming opinions of the Board of Review and 24th Judicial District Court. Appellant is entitled to any and all unemployment compensation, having left her employment for good cause. Appellees are to bear all costs of this appeal.
REVERSED.
WICKER, J., concurs in the decree.