McKAY, Judge.
pThe defendant, Dr. Nicholas Franco, appeals a summary judgment granted in favor of the plaintiff, Chehardy, Sherman, Ellis, Breslin & Murray, on a suit on an open account. We affirm.
FACTS AND PROCEDURAL HISTORY
Dr. Nicholas Franco engaged the law firm of Chehardy, Sherman, Ellis, Breslin & Murray to perform legal services in connection with his attempt to commercialize a certain medical device on which he had obtained a patent. Dr. Franco paid the law firm an initial retainer of $5,000.00. Dr. Franco’s venture ultimately failed due to a lack of financing. The law firm presented Dr. Franco with a bill of $41,258.38 for legal services and related costs. Dr. Franco refused to pay this bill.
On April 25, 2002, after making amicable demand, the law firm filed suit against Dr. Franco for the fees and costs owed, plus interest, court costs and attorney’s fees pursuant to La. R.S. 9:2781. In his answer, Dr. Franco generally denied the law firm’s allegations and he also pleaded all of the affirmative | ^defenses enumerated in Louisiana Code of Civil Procedure Article 1005. Dr. Franco also engaged in a number of other dilatory actions. Shortly before the matter was scheduled to go to trial, the parties seemingly reached a settlement, which was even dictated into the record, for the amount prayed for in the petition and a forbearance providing for monthly installments totaling less than the amount prayed for. Dr. Franco refused to sign the consent judgment or make any payments. The law firm then filed a motion and order for summary judgment along with an affidavit of correctness of account. Dr. Franco filed a cross motion for summary judgment which stated that “there was no justiciable issue of material fact.” The district court entered summary judgment in favor of the plaintiff. The defendant appeals this judgment.
DISCUSSION
On appeal, the plaintiff raises the following specification of error: the district court erred in rendering a summary judgment in the face of countervailing affidavits of appellant in violation of Louisiana Code of Civil Procedure Article 966.
Our review of a grant or denial of a motion for summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226, 227. A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. [SC.C.P. art. 966(B). Louisiana Code of Civil Procedure Article 967 provides in pertinent part that:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein ... Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affi *735 davits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be rendered against him.
La. C.C.P. art. 967.
In the instant case, the plaintiff filed an affidavit of correctness of account along with its motion for summary judgment. The defendant relies on his pleadings as well as affidavits that were contradictory to his pleadings and filed after the motions for summary judgment were heard to create a genuine issue of material fact. For purposes of summary judgment, general denials in an answer are not sufficient to rebut or overcome facts affirmatively established by affidavit. Delta National Bank of Yazoo City v. Holder, 398 So.2d 1072 (La.1981). Furthermore, the engagement letter of September 18, 2001 clearly illustrates the personal obligation of Dr. Franco to pay the law firm’s legal fees. Although, there also exists an engagement letter dated October 1, 2001, this letter is on behalf of Laser-Med, Inc. There is nothing in that letter which suggests that it is a novation of the agreement contained in the letter of September 18, 2001. In order to substitute a new debtor for the former debtor, the creditor must expressly declare [4his intent to discharge the former debtor. Harepour v. A.C. Collins Ford of New Orleans, Inc., 363 So.2d 1261 (La.App. 4 Cir.1978). Finally, “[a]n inconsistent affidavit offered only after the motion for summary judgment was filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered.” George v. Dover Elevator Co., 2002-0821 (La.App. 4 Cir. 9/25/02), 828 So.2d 1194.
Our review of the record, including the pleadings and the affidavits submitted by the parties leads us to the same conclusion as the court below, that there are no genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law.
DECREE
For the foregoing reasons, we affirm the district court’s granting of the plaintiffs motion for summary judgment.
AFFIRMED.
BELSOME, J., dissents.